## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYRUS R. SANDERS,** | : | **CIVIL NO. 1:CV-10-1241** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **EMANUEL ROSE, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Cyrus R. Sanders ("Sanders") is an inmate currently confined at the Dauphin County Prison ("DCP"), Harrisburg, Pennsylvania. He initiated this civil rights action pursuant to 42 U.S.C. § 1983 with respect to incidents occurring at DCP. Named as Defendants in the original complaint were DCP employees Warden DeRose, Correctional Officers Rose and Hewitt, and Counselor "Jill." Also named were the Dauphin County Prison and "Unknown Officers." Preliminary screening of the complaint by the Court revealed deficiencies which precluded service in its original form.[1] As such, on March 1, 2011, the Court provided Sanders with the opportunity to file an amended complaint in this action. On March 16, 2011, an amended complaint was filed. (Doc. No. 14.) Presently pending is Defendants' motion to dismiss the amended complaint (Doc. No. 23). The Court will also address Sanders' motion for the appointment of counsel (Doc. No. 48).

---

[1] Specifically, the complaint violated Federal Rules of Civil Procedure 8(e) and 20(a). Sanders failed to associate each named Defendant with the conduct he claimed violated his constitutional rights. He also asserted many claims that were completely unrelated and did not arise out of the same transaction or occurrence or series of transactions or occurrences. The claims did not all involve an issue of law or fact common to all defendants.

I.      **Allegations of the Amended Complaint**

In the amended complaint, Sanders again names as Defendants the Dauphin County

Prison, Warden DeRose, Officers Rose and Hewitt and Counselor Jill.  In addition, he names

DCP Officers Bryant, Creighton, Carnazzo, Steward and Orosz.  He also names the DCP Prison

Board, Board Solicitor Mr. Lavery, Prison Board Chairman Mr. Haste, Dauphin County Solicitor

Mr. Tully and the Dauphin County Commissioners.  He further names the several groups of Doe

Defendants including "Unknown Officers," "Unknown Doe Guards,"  "Unknown Intake

Counselors," and "Unknown Mailroom/Law Library Staff." (Doc. No. 14.)

In the amended complaint, Sanders once again sets forth the same claims included in his

original complaint involving various incidents occurring at the Dauphin County Prison beginning

in October of 2009.  These claims include the denial of access to the courts with respect to being

deprived envelopes, paper, pencils and access to the law library resulting in the loss of appellate

rights in a Bradford County court case.  Also alleged are claims that six (6) pieces of incoming

mail were seized on November 9, 2009, by unknown prison mail personnel in violation of a

prison policy that Sanders claims does not exist.[2]  Sanders was unable to have someone retrieve

the mail from the prison because he has no family.  Upon his transfer on December 30, 2009, he

claims DCP staff refused to provide him with his "contraband mail."[3]  He alleges that Defendants

Carnazzo, Steward, DeRose, the DCP Prison Board, Dauphin County solicitors, and the

unknown mail personnel unlawfully seized and retained his mail.

---

[2]  According to Sanders, the mail was confiscated because it did not contain a return
address.

[3]  Since the filing of this action, Sanders has been transferred from the DCP and
subsequently transferred back.  He is currently confined there at this time.

Also contained in the amended complaint are allegations of excessive force with respect to an incident that occurred on October 26, 2009, when Defendant Rose allegedly beat Sanders following a block shakedown and rookie training drill.  According to Sanders, Defendant Bryant searched his cell and then Rose escorted him back to his cell and told him to "get naked."  After he did so, Rose and other unknown officers assaulted him by punching, slamming and twisting him.  He states that he was thereafter choked and beaten again by Rose and an unknown officer.  Two additional unknown officers held him in the air and twisted him.  Defendants Creighton, Bryant and other unknown officers failed to intervene to stop the assaults.  As a result of this conduct, Sanders claims he suffers from nose bleeds and pain in his neck, shoulders, toes and elbow.  He further alleges that this type of behavior against the inmates is a continuing practice at DCP as evidenced by the volume of complaints filed against DCP officers.  As a result, Defendants DeRose, DCP Prison Board members, and the Dauphin County Commissioners and Solicitor have actual knowledge but refuse to address these problems.

Sanders further alleges that he was issued a false misconduct by Rose for disruptive behavior following the 10/26/09 incident.  He claims that he was denied due process with respect to the misconduct in that he was never notified of the misconduct until the time of the hearing and had no opportunity to present witnesses and gather evidence.  He also claims that Defendants Hewitt and Jill conspired to preside over the bogus hearing and based the finding of guilt on the self-serving misconduct report that had been issued.  He claims he was subjected to extreme sanctions in the form of 60 days disciplinary custody, and suffered atypical hardship when he was denied access during that time to the law library and phone.

The final count contained in the amended complaint is with respect to the denial of an

3

adequate grievance procedure.  Sanders claims that the grievance procedure at DCP fails to provide a process to address problems in that it is complicated, time-consuming and is expensive for indigent inmates.  He further maintains that Defendants DeRose, the Prison Board members and the Dauphin County Solicitor and Commissioners are deliberately indifferent in that they fail to remedy the problems raised in grievances in that they take no action against the prison staff for their conduct.  Sanders seeks injunctive, compensatory and punitive relief.

## II.   Discussion

### A.   Motion for Counsel

Sanders seeks the appointment of counsel in this action.  (Doc. No. 48.)  In support thereof, he contends that he does not have adequate access to the prison law library and no access to case law/citings, suffers from post-traumatic stress syndrome, was a manual laborer prior to incarceration with no litigation experience, and will not be afforded the same credibility as correctional officers at trial.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d

4

Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." <u>Montgomery</u>, 294 F.3d at 499. In the instant case, there is presently pending a motion to dismiss the amended complaint filed by Defendants. However, for purposes of this motion the Court will assume that Sander's claims have arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

<u>Montgomery</u>, 294 F.3d at 499 (citing <u>Tabron</u>, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. <u>Tabron</u>, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the amended complaint, Sanders is clearly literate and able to litigate this action on his own. While he contends that he is impaired in so far as he suffers from post-traumatic stress syndrome, even assuming this is true, his filings demonstrate his ability to present his case despite any such physical or mental

5

infirmity.   Further, while Sanders may not have unlimited access to the law library at DCP, it is evident by his filings that he does have some access even though it may not be as much as he desires.  His claim that he is unable to conduct legal research is undermined by the numerous filings he submits in the above action and his frequent citation to case law.  While he claims he has no litigation experience, the documents submitted are intelligible and set forth coherent arguments.  In light of the foregoing, it cannot be said that Sanders will suffer substantial prejudice if he is required to proceed at this point with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Sander's apparent ability to litigate this action, weigh against the appointment of counsel.  His pending motion will be denied.  If future proceedings were to demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

**B.    Motion to Dismiss Amended Complaint**

1.    Fed. R. Civ. P. 20(a)

Defendants first move to dismiss the amended complaint on the basis of Sander's failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 20(a), in accordance with this Court's order of March 1, 2011 (Doc. No. 11).[4]  In screening the original complaint, the Court found that it failed to comply with Rule 8 in that Sanders failed to associate each named Defendant with the alleged conduct they engaged in which violated the Constitution.  The complaint also violated Rule 20(a) in that Sanders asserted claims that were completely unrelated, and did not arise out of the same transaction or occurrence or series of transactions or

---

[4]  Both of these Rules were set forth and discussed in detail in the Memorandum and Order of March 1, 2011.  As such, they will not be repeated herein.

occurrences.  Moreover, it did not appear that the claims all involved an issue of law or fact common to all defendants.  While some of the incidents set forth were related, such as the excessive force claim and the resulting misconduct hearing, others clearly were not.  With this said, the Court provided Sanders with the opportunity to file an amended complaint to cure these procedural deficiencies.  Strict guidelines were provided as to how to accomplish this directive, and Sanders was advised that should he file an amended complaint in compliance with Rule 8, but not in compliance with Rule 20(a), the Court would dismiss all but the first count of the amended complaint.  (Doc. No. 11 at 5.)

Defendants now move to dismiss the amended complaint on the basis of Sander's failure to submit an amended complaint in compliance with Rules 8 and 20(a), as well as this Court's March 1, 2011 Memorandum and Order.  (Doc No. 23.)  In reviewing the amended complaint, it is clear that Sanders again violates Rule 20(a) and files a complaint that alleges many claims that are completely unrelated and do not arise out of the same transaction or occurrence or series of transactions or occurrences.  Furthermore, the claims do not all involve an issue of law or fact common to all defendants.  In fact, Sanders basically resubmits his original complaint but this time divides it into Counts and labels each cause of action.  For these reasons, the Court will strike all but the first count of the amended complaint ("Denial of Law Library and Access to the Courts"), and address Defendants' motion to dismiss with respect to this count.  See Pruden v. SCI Camp Hill, 252 F. App'x 436, 437 (3d Cir. 2007)(Finding no abuse of discretion by district court for dismissing a complaint, with prejudice, for failure to comply with Fed. R. Civ. P. 8, 10 and 20 and failing to correct deficiencies after opportunity to file amended complaint.)

2.      Fed. R. Civ. P. 12(b)(6)

Defendants move to dismiss Sander's denial of law library/access to the courts claim on

the basis of failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule

12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can

be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6),

the court must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187,

190 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008));

see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d

347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant notice

of what the ... claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint

in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago

v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must

'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)).  Next, the factual and

legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while

mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d

203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the

court must determine whether they are sufficient to show a "plausible claim for relief."  Ashcroft

v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (citing Twombly, 550 U.S. at 555

(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative

level).  A claim "has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. 662, 129 S. Ct. at 1949, 173 L. Ed. 2d 868.  When the complaint fails to present a

prima facie case of liability, however, courts should generally grant leave to amend before

dismissing a complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002);

Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

    **B.**    **Analysis**

    In Count One on the amended complaint, Sanders alleges that on October 7, 2009, he was

arrested on federal counterfeiting charges and housed at DCP.  He claims that because he was

indigent he made several requests both written and oral, and pleaded with "Unknown" intake

counselors, the chaplain and prison guards for an envelope, paper and pencil to contact the

Bradford County courts by October 19, 2009 with respect to a legal deadline concerning the

filing of a notice of appeal.  According to Sanders, his requests were not granted because such

supplies are only granted through the commissary following thirty (30) days of commitment.

Even then, inmates are only provided a very limited number of envelopes, paper and a "golf type

scoring pencil, three inches long with no eraser."  (Doc. No 14 at 7.)  Due to the failure to

provide these supplies, Sanders claims he was prevented from responding in pending court

actions in Bradford County, and his appellate rights were lost in Docket Number CP-08-MD-

0000310-2007.  (Id. at 8.)   He further maintains that he was denied adequate access to the law

library only being permitted to visit the library on one occasion in three (3) months, even though

he submitted requests on nine (9) occasions during the months of October through December of

2009.  He also challenges the Unknown law library staff's conduct in charging him for copies of

legal materials pursuant to policies established by Warden DeRose and Supervisor Orosz.

Under the First and Fourteenth Amendments, prisoners retain the right of access to the

courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996).  However, a prisoner asserting a denial of

access to courts claim must satisfy the constitutional standing requirement by alleging an actual

injury.  Lewis, 518 U.S. at 349.  To meet this requirement, a plaintiff must show that the actions

of the prison officials hindered the prisoner's efforts to pursue a nonfrivolous claim.  See Monroe

v. Beard, 536 F.3d 198, 205 (3d Cir. 2008); Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Further, "the injury requirement is not satisfied by just any type of frustrated legal claim."  Lewis,

518 U.S. at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to

transform themselves into litigating engines capable of filing everything from shareholder

derivative actions to slip-and-fall claims," and thus the right is limited to safeguarding prisoners'

ability "to attack their sentences, either directly or collaterally, and in order to challenge the

conditions of their confinement."  Id. at 355.  "Impairment of any *other* litigating capacity is

simply one of the incidental (and perfectly constitutional) consequences of conviction and

incarceration."  Lewis, 518 U.S. at 349.

In the instant case, Defendants move to dismiss Plaintiff's access to the courts claim

based upon his failure to plead any facts that would demonstrate that his underlying claim in the

Bradford County case that was lost was "nonfrivolous" and of an arguable nature.   They further

contend that Sanders fails to describe the "lost remedy."  (Doc. No. 26 at 20, Defs.' Supp. Br.)

Further, they contend that the amended complaint contains no facts establishing the personal

involvement of Defendants DeRose, Orosz and "prison board members" with respect to any wrongdoing other than the conclusory assertion that they established policies.

In the instant case,  Defendants are correct in stating that Sanders fails to set forth any allegations identifying a nonfrivolous, arguable underlying claim that was lost.  While this would be fatal to a viable access to the courts claim, it is a deficiency that could possibly be remedied by allowing further amendment to the complaint.  The Court disagrees with Defendants that Sanders has not alleged actual injury.  He clearly states in the complaint that his appellate rights were lost.[5]   In addition, he fails to set forth which Defendants have violated his right to access to the courts.  He refers to unknown intake counselors, a chaplain and prison guards, but fails to identify any of these individuals.  While he later references Warden DeRose, Connie Orosz and prison board members, he fails to allege what conduct these defendants took to infringe on his right to access to the courts.  He merely asserts that they were responsible for establishing policies, but fails to allege facts with respect to their personal involvement in the deprivation of his rights.  It is well established that liability pursuant to § 1983 cannot be predicated solely on the operation of respondeat superior.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

For the above reasons, the motion to dismiss with respect to this claim will be granted, but Plaintiff will be permitted the opportunity to file a second amended complaint to attempt to state a viable access to the courts claim against specific Defendants to meet the guidelines set

---

[5] Further, while Defendants attach the docket sheet from the Bradford County action and claim that Sanders was represented by an attorney in the Bradford County case, in reviewing the docket sheet it is unclear on the present record as to whether the attorney continued to represent Sanders throughout his Bradford County proceedings, as well as on appeal.

forth in <u>Lewis</u>.  Sanders is cautioned that any second amended complaint is limited solely to the

access to the courts claim, as all other claims contained in the amended complaint are stricken.

As previously advised in this action, the amended complaint must comply with Federal Rule of

Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the

defendants and the particular conduct of the defendants purported to have harmed him.  The

"amended complaint must be complete in all respects.  It must be a new pleading which stands by

itself as an adequate complaint without reference to the complaint already filed."  <u>Young v.</u>

<u>Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CYRUS R. SANDERS,** | : | **CIVIL NO. 1:CV-10-1241** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **EMANUEL ROSE, et al.,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**AND NOW**, this 11th day of October, 2012, in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Defendants' motion to dismiss the amended complaint (Doc. No. 23) is **granted to the following extent.**  All counts, with the exception of Count One of the amended complaint (Denial of Access to the Courts), are stricken in accordance with this Court's Memorandum and Order of March 1, 2011.  The motion will also be granted with respect to the access to the courts claim for failure to state a claim pursuant Fed. R. Civ. P. 12(b)(6).

2.     Plaintiff shall file his amended complaint within fourteen (14) days from the date of this order in accordance with the attached Memorandum.  The amended complaint shall carry the same civil docket number (1:10-CV-1241) presently assigned to this matter.  The Clerk of Court shall forward to Plaintiff a § 1983 civil rights form complaint for his use in filing the amended complaint.  Failure to file a proper amended complaint will result in the dismissal of this action.

S/Yvette Kane_____
YVETTE KANE, Chief Judge
Middle District of Pennsylvania