# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYRUS R. SANDERS, | : | CIVIL NO. 1:CV-10-1241 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| EMANUEL ROSE, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Cyrus Sanders ("Sanders") is an inmate currently confined at the State Correctional Institution at Somerset (SCI-Somerset), Pennsylvania. He initiated this civil rights action pursuant to 42 U.S.C. § 1983 while confined at the Dauphin County Prison, Pennsylvania. In the complaint, he set forth numerous claims against members of the DCP staff with respect to incidents occurring at DCP. The claims set forth included the denial of access to the courts, mail interference, excessive force, the issuance of false misconducts, and the denial of an adequate grievance procedure. (Doc. No. 1.) The Court will address motions that are presently pending on the docket.

I.  **Procedural Background**

In conducting a preliminary screening of the complaint, the Court found procedural deficiencies that precluded service of the complaint in its original form. (Doc. No. 11.) On March 1, 2011, a Memorandum and Order was issued directing Sanders to file an amended complaint within fourteen (14) days. On March 16, 2011, an amended complaint was filed, and service on the Defendants named therein was directed. (Doc. Nos. 14, 15.) Thereafter, Defendants filed a motion to dismiss the amended complaint on the basis of Sander's failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 20(a), the basis for the dismissal of the

original complaint. In permitting Sanders to file an amended complaint, he was specifically advised that any amended complaint must comply with Rules 8 and 20, and that the failure to do so would result in the Court dismissing all but the first count of the amended complaint. (Doc. 11.)

In addressing Defendants' motion to dismiss the amended complaint, the Court issued a Memorandum and Order on October 11, 2012, finding that Sanders again violated Rule 20(a) by submitting a complaint that set forth many unrelated claims not arising out of the same transaction or occurrence or series of transactions or occurrences. (Doc. No. 63.) In fact, Sanders basically resubmitted his original complaint, but divided it into separate counts and labeled each cause of action. As such, Defendants' motion to dismiss was granted to the extent that all counts of the amended complaint, with the exception of Count One (Denial of Access to the Courts), were stricken. With respect to Count One, Defendants' motion to dismiss was granted due to Sanders' failure to state a claim due to his failure to identify a nonfrivolous, arguable underlying claim that was lost as well as his failure to set forth which Defendants violated his right to access to the courts. However, the Court provided him with the opportunity to file a second amended complaint within fourteen (14) days to attempt to state a viable access to the courts claim against specific Defendants to meet the guidelines set forth in Lewis v. Casey, 518 U.S. 343 (1996). (Doc. No. 63.) Sanders submitted his second amended complaint on January 28, 2013. (Doc. No. 74.) Defendants have filed a motion to strike/dismiss the second amended complaint and a brief in support thereof. Plaintiff has not yet filed his brief in opposition thereto.

Pending on the docket and ripe for consideration at this time are two motions for

2

injunctive relief filed by Sanders while he was confined at the Dauphin County Prison. (Doc. Nos. 33, 39.) Also pending is a motion filed by Sanders seeking to alter or amend the Court's decision of October 11, 2012, granting Defendants' motion to dismiss the amended complaint (Doc. No. 64).

## II. Discussion

### A. Motions for Injunctive Relief

While still confined at the Dauphin County Prison, Sanders filed two motions requesting injunctive relief. In the first motion he claims that it can "take up to forty (40) days before an inmate at DCP is provided with an envelope and pencil for legal postage" and that inmates are "limited to twenty minutes of law library computer access to research updated case information per week, at best, at times bi-weekly." (Doc. No. 33 at 1.) He also argues that he has been denied "extra pro se law library time" by the DCP administration, and that reasonable access to the law library is denied to inmates and no reasonable policy has been established. (Id. at 2.) He seeks injunctive relief in the form of an order from the Court directing eight (8) hours of pro se full law library access a week.

In the second request for injunctive relief, Sanders claims that he was issued a bogus misconduct on December 13, 2012, and sets forth various claims related to this incident. (Doc. No. 39.) He maintains that the misconduct was issued for his allegedly having forged documentation for authorization to possess boxes to store legal materials. He also claims that he was verbally harassed following the issuance of the misconduct and strip searched, during which time he was humiliated. In addition to these claims, he states that he was placed on a block with no functioning pencil sharpeners and that his right to due process was violated with respect to his

misconduct hearing. He claims that all of the foregoing amounts to cruel and unusual punishment. He requests an order from the Court protecting him from the above actions and ordering the DCP staff to provide him with a legible copy of his misconduct report, a witness form for the misconduct hearing, and an impartial hearing examiner. He further seeks an order directing that he be provided with eight (8) hours a week access to the law library.

A request for preliminary injunctive relief is governed by Rule 65 of the Federal Rules of Civil Procedure and judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits: (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even grater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994)(quoting SI Handling Systems, Inc., v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunctive relief sought is the only way of protecting the Plaintiff from harm. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).

For an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed. .R. Civ. P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original)(quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

The power of this Court to issue preliminary injunctions is also limited and circumscribed by the mootness doctrine. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In this particular case, Sanders seeks preliminary injunctive relief against officials at the Dauphin County Prison. However, it is undisputed that Sanders was transferred from DCP to SCI-Somerset on November 2, 2012, and is currently confined there. He is no longer in the custody of the DCP Defendants.

"A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar v. Watson, 4 F.3d 195, 197, 206 (3d Cir. 1993); Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). As previously observed by this

5

Court, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request [ ] to enjoin the defendants from interfering with his [rights] is academic. See Muslim v. Frame, 854 F. Supp. 1215, 1222 (E.D. Pa. 1994). In other words, [the prisoner-plaintiffs] transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998).

The foregoing principles control here and compel denial of the pending motions for preliminary injunctive relief in this action as moot. Sanders is no longer confined at the Dauphin County Prison and there is no indication that he will be housed at that facility in the foreseeable future.

    B.    **Motion to Alter or Amend Judgment**

Plaintiff has filed a motion to alter or amend judgment with respect to the Court's Memorandum and Order of October 11, 2012. In said decision, the Court granted Defendants' motion to dismiss Plaintiff's amended complaint to the extent that all counts, with the exception of Count One of the amended complaint (Denial of Access to the Courts) were stricken in accordance with this Court's Memorandum and Order of March 1, 2011. (Doc. No. 63.) In his motion, he disagrees with the conclusions reached by this Court and goes on to summarize all of the claims he set forth in the amended complaint. In so doing, he further illustrates the basis for the Court's finding that he failed to abide by Federal Rules of Civil Procedure 8 and 20. In addition, he argues that the Court failed to consider declarations with respect to his allegations of excessive force, and also requests that the Court allow him to conduct discovery to support his claims.

Sanders files his motion pursuant to Fed. R. Civ. P. 59(e), but this Rule applies only to final orders. For this reason, the Court will construe his motion as one for reconsideration pursuant to M.D. Pa. Local Rule 7.10. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by LouAnn, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." McDowell Oil Serv. Inc. v. Interstate Fire & Cas. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993). Lastly, the reconsideration of a judgment is an extraordinary remedy, and should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Sanders fails to present any basis for reconsidering the Memorandum and Order of October 11, 2012. He merely reasserts the claims set forth in his amended complaint that have been found by the Court to be in violation of Fed. R. of Civil Procedure 8 and 20(a) and the directive of this Court's Memorandum and Order of March 1, 2011. Any requests by Sanders to conduct discovery is unwarranted in that all claims with the exception of Count One have been

stricken from this action. Moreover, Count One was dismissed and Sanders was provided the opportunity to file a second amended complaint to present his access to the courts claim in compliance with the Court's directive as set forth in the October 11, 2012 Memorandum and Order. As such, any discovery with respect to such claim would be premature. Because Sanders has presented no grounds for this Court to reconsider its decision of October 11, 2012, his pending motion will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYRUS R. SANDERS,** | : | **CIVIL NO. 1:CV-10-1241** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **EMANUEL ROSE, et al.,** | : | |
| **Defendants** | : | |

# ORDER

**AND NOW**, this 27th day of March, 2013, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motions for injunctive relief (Doc. Nos. 33, 39) are **denied as moot**.

2. Plaintiff's motion to alter or amend judgment (Doc. No. 64) is construed to be a motion for reconsideration and is **denied.**

                                                    S/ Yvette Kane
                                                    YVETTE KANE, Chief Judge
                                                    Middle District of Pennsylvania