IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYRUS R. SANDERS, | : | |
|     Plaintiff | : | No. 1:10-cv-1241 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| EMANUEL ROSE, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Currently before the Court is Defendants' motion to strike and dismiss Plaintiff Cyrus R. Sanders's second amended complaint. (Doc. No. 76.) This civil rights action was filed pursuant to 42 U.S.C. § 1983 over three years ago by Plaintiff, an inmate currently confined at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"). For the reasons that follow, Defendants' motion to strike and dismiss the second amended complaint will be granted.

## I. BACKGROUND

Plaintiff Sanders initiated this action pursuant to 42 U.S.C. § 1983 while confined as an inmate at the Dauphin County Prison ("DCP"), Pennsylvania. In his complaint, Plaintiff set forth numerous claims against members of the DCP staff concerning incidents that occurred at DCP. (Doc. No. 1.) The claims included denial of access to the courts resulting in the dismissal of an appeal Plaintiff had pending before the Pennsylvania Superior Court, mail interference, excessive force, and due process challenges to misconduct proceedings. (Id.) Some of the defendants listed in the complaint were identified by name, others were listed as Unknown Officers, Unknown Prison Guards, Unknown Intake Counselors, and Unknown Mailroom and Law Library Staff. (Id.) In conducting a preliminary screening of the complaint, this Court found several procedural deficiencies that precluded service of the complaint in its original form,

1

including violations of Federal Rules of Civil Procedure 8(a)(2) and 20(a). (Doc. No. 11.) In particular, this Court found that Plaintiff failed to associate a particular defendant with the alleged violation, and that at least some of claims involved completely separate incidents and different defendants.

On March 1, 2011, this Court issued a Memorandum and Order directing Plaintiff to file an amended complaint to remedy the procedural deficiencies within fourteen days. (Id.) On March 16, 2011, Plaintiff filed an amended complaint. (Doc. No. 14.) Thereafter, Defendants moved to dismiss the amended complaint on the basis that Plaintiff failed to comply with Federal Rules of Civil Procedure 8(a)(2) and 20(a), the same basis for the Court's dismissal of the original complaint. (Doc. No. 23.) Defendants noted that in permitting Plaintiff to file an amended complaint, the Court specifically advised him that any amended complaint must comply with Rules 8 and 20, and that failure to do so would result in the Court dismissing all but the first count of the amended complaint.[1] (Id.)

In response to Defendants' motion, this Court issued a Memorandum and Order on October 11, 2012, finding that Plaintiff had violated Rule 20(a) by submitting a complaint that set forth many unrelated claims not arising out of the same transaction, occurrence, or series of transactions or occurrences. (Doc. No. 63.) In fact, this Court found that Plaintiff had resubmitted his original complaint, but in the amended complaint, he divided his claims into separate counts and labeled each cause of action. (Id.) Thus, this Court granted Defendants' motion to dismiss all counts of the amended complaint, with the exception of Count One

---

[1] Count One of the complaint alleges that Defendants denied Plaintiff access to the law library and access to the courts resulting in the dismissal of an appeal Plaintiff had pending before the Pennsylvania Superior Court. (Doc. No. 14.)

("Denial of Law Library and Access to the Courts"). (Id.) With respect to Count One, this Court ultimately granted Defendants' motion to dismiss because Plaintiff failed to set forth any allegations identifying a non-frivolous, arguable underlying claim that was lost. (Doc. No. 63.) Additionally, the Court stated that Plaintiff failed to set forth an arguable claim that Defendants had violated his right to access the courts. (Id.) Despite these deficiencies, this Court provided Plaintiff with an opportunity to file a second amended complaint within fourteen days to bring a viable access to the courts claim against specific defendants. (Id.)

Plaintiff submitted his second amended complaint on January 28, 2013, approximately three months late. (Doc. No. 74.) On February 6, 2013, Defendants filed a motion to strike and dismiss the second amended complaint and filed a brief in support thereof. (Doc. No. 76.) The Court will now address Defendants' motion to strike and to dismiss the second amended complaint.

## II. DISCUSSION

### A. Motion to Strike all but Count One of the Second Amended Complaint

Defendants first move to strike all but Count One of the second amended complaint because Plaintiff has failed to comply with this Court's prior directives. (Doc. No. 76.) Defendants argue that Plaintiff's second amended complaint fails to comply with Rule 8 in that Plaintiff fails to associate each named Defendant with the alleged conduct in which they engaged. (Id.) Defendants argue further that the complaint violates Rule 20(a) in that Plaintiff asserts claims that are completely unrelated, and do not arise out of the same transaction or occurrence or series of transactions or occurrences. (Id.) Moreover, Defendants argue that it does not appear that Plaintiff's claims all involve an issue of law or fact common to all

defendants. (Id.) Finally, Defendants note that this Court provided Plaintiff with the opportunity to file two amended complaints to cure these procedural deficiencies; that strict guidelines were provided as to how to accomplish this directive; and, that Plaintiff was advised that should he file a second amended complaint in compliance with Rule 8, but not in compliance with Rule 20(a), the Court would dismiss all but the first count of the amended complaint. (Doc. No. 76.) Defendants allege that Plaintiff has chosen to disregard this Court's directive and has filed a second amended complaint which mirrors the amended complaint and includes counts which this Court has previously stricken. (Id.)

In reviewing the second amended complaint, the Court agrees with the Defendants. Because this Court previously struck these counts and because this Court advised Plaintiff not to include these counts in the second amended complaint, their inclusion in the second amended complaint is improper. It is clear that Plaintiff's second amended complaint violates Rule 20(a), as he filed a complaint that alleges containing claims that are completely unrelated and do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Furthermore, the claims do not all involve an issue of law or fact common to all defendants. For these reasons, the Court will strike all but Count One of the amended complaint ("Denial of Law Library and Access to the Courts"), and address Defendants' motion to dismiss with respect to this count. See Pruden v. SCI Camp Hill, 252 F. App'x 436, 437 (3d Cir. 2007) (finding no abuse of discretion by district court for dismissing a complaint, with prejudice, for failure to comply with Fed. R. Civ. P. 8, 10 and 20, and failing to correct deficiencies after opportunity to file amended complaint). As such, Defendants' motion to strike all but Count One from the second amended complaint will be granted.

**B.    Motion to Dismiss Count One of the Second Amended Complaint**

Defendants move to dismiss Count One of the second amended complaint ("Denial of Law Library and Access to the Courts") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 76.) Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelam v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

In Count One of the second amended complaint, Plaintiff alleges that on October 7, 2009, he was arrested on federal counterfeiting charges and housed at the Dauphin County Prison. (Doc. No. 74.) Plaintiff claims that because he was indigent, he made several requests and pleaded with "Unknown" intake counselors, the chaplain, and prison guards for an envelope, paper, and pencil so that he could contact the Bradford County Court by October 18, 2009, concerning the filing of his notice of appeal. (Id.) According to Plaintiff, his requests were denied because the commissary provides these supplies only after thirty days of confinement. (Id.) Plaintiff claims that due to his lack of these supplies, he was unable to respond to pending court actions in Bradford County, and that his appellate rights were lost in Docket Number CP-08-MD-0000310-2007. (Id.)

In its Memorandum and Order granting Plaintiff leave to file a second amended

complaint, this Court found that Plaintiff had failed to state a plausible claim for denial of law library and access to the courts. (Doc. No. 63.) This Court advised Plaintiff that pursuant to Lewis v. Casey, 518 U.S. 343 (1996), Plaintiff is required to show that "the actions of the prison officials hindered the prisoner's efforts to pursue a non-frivolous claim." (Doc. No. 63 at 10.) The Court found that in submitting his amended complaint, although he alleged that his appellate rights were lost, Plaintiff failed to set forth any allegations identifying a non-frivolous, arguable, underlying claim with respect to such loss. (Id.) The Court also found that Plaintiff failed to state which specific defendants violated his right to access to the courts. (Id.) Although Plaintiff referred to Defendants DeRose, Orosz, and "Prison Board Members" in the complaint, he failed to allege what conduct these defendants took to infringe on his right to access to the courts. (Id.) Plaintiff merely asserted that they were responsible for establishing prison policies, but failed to allege facts with respect to their personal involvement in the deprivation of his rights. (Id.) The Court noted that it is well established that liability pursuant to § 1983 cannot be predicated solely on the operation of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Because the Court determined that the deficiencies in Plaintiff's amended complaint were curable, the Court afforded Plaintiff the opportunity to set forth a viable access to the courts claim in a second amended complaint.

In the instant case, Defendants again move to dismiss Plaintiff's access to the courts claim based upon his failure to plead any facts that would demonstrate that his underlying claim in the Bradford County case that was lost was "non-frivolous" and of an arguable nature. Defendants contend that Plaintiff fails to describe the "lost remedy." (Doc. No. 76.) Further, they contend that the amended complaint contains no facts establishing the personal involvement

6

of Defendants DeRose, Orosz and "prison board members" with respect to any wrongdoing other than the conclusory assertion that they established prison policies. (Id.)

Under the First and Fourteenth Amendments, prisoners retain the right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). However, a prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. Lewis, 518 U.S. at 349. To meet this requirement, a plaintiff must show that the actions of the prison officials hindered the prisoner's efforts to pursue a non-frivolous claim. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008); Christopher v. Harbury, 536 U.S. 403, 415 (2002). Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The right of access to the courts is limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355. "Impairment of any other litigating capacity is simply one of the incidental consequences of conviction and incarceration." Lewis, 518 U.S. at 349.

In reviewing Plaintiff's second amended complaint, it is clear that he has failed to set forth a viable access to the courts claim that can survive a motion to dismiss. Plaintiff again alleges that on October 7, 2009, he made several requests and pleaded with "Unknown" intake counselors, the chaplain, and unnamed guards for writing supplies so that he could contact the Bradford County Courts by October 19, 2009, to address the pending legal deadline that governed the filing of his notice of appeal related to a private criminal complaint. These allegations do not describe an underlying arguable claim well enough to demonstrate that it is more than a "mere hope" or that Plaintiff has a "lost remedy." See Monroe v. Beard, 536 F.3d

7

198, 205-06 (3d Cir. 2008). In his second amended complaint, Plaintiff has again failed to describe the nature of the underlying claim that was allegedly lost other than his right to appeal a private criminal complaint, which is unfortunately an "incidental consequence of conviction and incarceration." See Lewis, 518 U.S. at 349. Further, while Plaintiff alleges that he was denied adequate legal access to the law library, he fails to identify which Defendants violated his constitutional rights, and what actual injury was suffered. For these reasons the Court will grant Defendants' motion to dismiss Count One of the second amended complaint ("Denial of Law Library and Access to the Courts") on the basis of failure to state a viable claim. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CYRUS R. SANDERS, :
   Plaintiff : No. 1:10-cv-1241
:
v. : (Judge Kane)
:
EMANUEL ROSE, et al., :
   Defendants :

# ORDER

**AND NOW**, this 24th day of September, 2013, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Motion to Strike and Dismiss the Second Amended Complaint (Doc. No. 76) is **granted**. All counts set forth within the second amended complaint, with the exception of Count One "Denial of Law Library and Access to the Courts are stricken from the complaint.

2. Count One of the second amended complaint "Denial of Law Library and Access to the Courts is **dismissed** pursuant to Federal Rule of Civil Procedure 12(b)(6), and all claims set forth therein are dismissed in their entirety.

3. The Clerk of Court is directed to **close this case.**

4. Any appeal from this order will be deemed frivolous, without probable cause and lacking in good faith.

                                              S/ Yvette Kane
                                              YVETTE KANE, Judge
                                              Middle District of Pennsylvania