UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CYRUS R. SANDERS,            :
                             :
        Plaintiff            :      No. 1:10-CV-01241
                             :
    vs.                      :      (Judge Kane)
                             :
EMANUEL ROSE, ET AL.,        :
                             :
        Defendants           :

**MEMORANDUM**

**Background**

On June 14, 2010, Cyrus R. Sanders, filed a complaint pursuant to 42 U.S.C. § 1983 against several individuals employed by Dauphin County, including Emanuel Rose, a correctional officer at the Dauphin County Prison. (Doc. No. 1.) An amended complaint (Doc. No. 14) was filed on March 16, 2011 and a second amended complaint (Doc. No. 74) on January 28, 2013. On October 8, 2014, Defendants filed a motion to dismiss the second amended complaint. (Doc. No. 113.)

The motion was filed by the following Defendants: Emanuel Rose, Russ Hewitt, Jill Cuffaro, Dominick DeRose, Dauphin County Prison, Lieutenant Carnazzo, Major Stewart, Connie Orosz, Frank L. Lavery, William Tully, Dauphin County Prison Board, Jeffrey Haste, Dauphin County Commissioners, Joann Cryder and Robert Thorne. The docket reflects that on August 26, 2011, Barbara A. Zemlock, Esquire, entered an appearance on behalf of Emanuel Rose, Lieutenant Russ Hewitt, Lieutenant Carnazzo, Major

Stewart, Jill Cuffaro, Connie Orosz, Dominick DeRose, Frank J.
Lavery, William Tully, Dauphin County Prison Board, Jeffrey Haste,
Dauphin County Commissioners, and Dauphin County Prison. (Doc. No.
22.) By order of September 18, 2014, the United States Marshall
was directed to serve the second amended complaint on Tanya
Bryant, Joanne Cryder and Officer Throne. (Doc. No. 107.) The
order further noted that of the nineteen Defendants named in the
second amended complaint the majority had been served. On October
2, 2014, attorney Zemlock entered an appearance on behalf of Joann
Cryder and Officer Throne. (Doc. No. 111.)  On October 9, 2014,
Notice of A Lawsuit and Request to Waive Service of Summons sent
to Tanya Bryant at the Dauphin County Prison was returned to the
court with the notation "unable to forward." (Doc. No. 114.) On
September 4, 2015, Matthew L. Owens, Esquire, entered an
appearance on behalf of Emanuel Rose, Lieutenant Hewitt, Counselor
"Jill," Warden DeRose, Dauphin County Prison, Creighton, Lt.
Carnazzo, Major Stewart, Connie Orosz, Frank J. Lavery, William
Tully, Dauphin County Prison Board, Jeffrey Haste, Dauphin County
Commissioners, C.O. Joan Cryder, Throne, and Jill Cuffaro. (Doc.
No. 128.) On September 30, 2015, the court issued an order
terminating Defendant Creighton as a party because Plaintiff made
no reference to Defendant Creighton in the second amended
complaint. (Doc. No. 132.)

On February 8, 2016, the court issued a memorandum (Doc.
No. 133) and a separate order (Doc. No. 134) granting in part and

denying in part Defendants' motion to dismiss.  The separate order also directed Defendants to respond to the remaining claims in the second amended complaint within twenty (20) days of the date of the order. (Id. at 2.)

On February 24, 2016, Defendants filed a motion to clarify and for enlargement of time to file an answer to the second amended complaint. (Doc. No. 135.)

On February 26, 2016, the court issued an order which granted the motion in part by providing that the Defendants would have thirty (30) days to file a responsive pleading from the date the court issued a decision with respect to the motion to clarify. (Doc. No. 136.)  The purpose of this memorandum and order is to address the motion to clarify.

**Discussion**

The concluding paragraph of the memorandum issued on February 8, 2016, summarized the disposition of Defendants' motion to dismiss and specifies the Defendants who remain in this case as follows:

> Defendants' motion to dismiss will be granted in part and denied in part.  Plaintiff's claim of excessive use of force will be dismissed with respect to all Defendants except Officers Rose, Cryder, Br[y]ant,[1] Throne, Lehman, and the unknown officers.[2]  Similarly,

---

1.  This Defendant's surname was misspelled in the memorandum and separate order as "Brant."

2.  It is well-settled that the use of John/Jane Doe defendants (or referring to unknown or unidentified defendants) absent
(continued...)

3

> Plaintiff's claim of a failure to intervene will be
> dismissed as to all defendants except Officers Cryder,
> Br[y]ant, Throne, Lehman, and the unknown officers.
> Plaintiff's claims of seizure of personal mail, and
> inadequate grievance procedure will also be dismissed.
> Plaintiff's claim of substantive and procedural due
> process violations against Lieutenant Hewitt and
> Counselor Cuffaro resulting from the November 2, 2009,
> hearing will not be dismissed.

(Doc. No. 133, at 21.)

The motion to clarify is threefold. First, Defendants contend that the memorandum and order of February 8, 2016, refers to a Defendant Lehman who was not named as a Defendant in this action and, consequently, the reference to Lehman in the memorandum and order of February 8, 2016, should be deleted. Second, Defendants claim that Defendant Bryant was never properly served with the second amended complaint and the claims against her should be dismissed for lack of service. Third, Defendants contend that the memorandum and order of February 8, 2016, appears to permit the substantive and procedural due process claims to remain as to all Defendants. In addition, counsel for Defendants notes that "[i]t is believed that a number of Defendants no longer remain in the case and the same is creating confusion on counsel's part with respect to filing and Answer to the [second] amended

---

2.  (...continued)
compelling reasons will not suffice and the district court may
dismiss such defendants if plaintiff, after being granted a
reasonable period of discovery, fails to identify the defendants.
Sheetz v. Morning Call, 130 F.R.D. 34 (E.D. Pa. 1990).

complaint." (Doc. No. 135, at 3.)  The court will address these issues in turn.

A review of the second amended complaint reveals that Plaintiff did not name Lehman as a Defendant in the "Parties" section of the second amended complaint. However, in paragraph 56 of the second amended complaint Plaintiff states as follows: "Other DCP guards -Cyrder and other 'Unknown'- and rookie officers in training - Tanya Br[y]ant, Throne, Douglas Lehman and others 'Unknown'-, had a reasonable opportunity to intervene in this staged assault, but chose not to and viewed the attack with deliberate indifference." (Doc. No. 74, at 11.) Plaintiff mentions other Defendants, including Tanya Bryant, in this paragraph as well as in the caption and "Parties" section of the second amended complaint.  It would appear that Plaintiff intentionally excluded Lehman as a named Defendant because Plaintiff in the "Parties" section as well as the caption of the second amended complaint names other Defendants but does not mention Lehman. Furthermore, a review of the docket reveals that no individual by the name of Douglas Lehman was served with the complaint, amended complaint or second amended complaint and an attorney has not entered an appearance on his behalf. Furthermore, although this case was initially filed in 2010, Plaintiff never brought to the court's attention the lack of service on Lehman or claimed that he was a Defendant in this action.  Although Plaintiff may possibly add "John Doe" Defendants to this action, if after a period of

5

discovery he identifies them, Plaintiff had knowledge of Douglas
Lehman and failed to name him as a Defendant.  Consequently, the
court will grant the Defendants' first request to clarify and
Lehman's name will be deleted from this case because he was never
properly served or named as a Defendant.

Similarly, the claims against Tanya Bryant will be
terminated. Tanya Bryant was not named as a Defendant in the
original complaint but was named as a Defendant in the amended
complaint and the second amended complaint.[3]  However, she was not
served with the complaint, amended complaint or second amended
complaint and no attorney entered an appearance on her behalf.
There is no indication on the docket that any steps were taken to
effectuate service on Defendant Bryant and Plaintiff never brought
that fact to the court's attention.

The third issue raised by Defendants relates to the
alleged due process violations.  The last paragraph of the
memorandum of February 8, 2016, stated that those claims remained
viable with respect to Defendants Hewitt and Cuffaro.  The court
in essence *sub silentio* found that the substantive and procedural
due process claims were not viable with respect to any of the
other Defendants.

An appropriate order will be entered.

---

3.  Her surname was spelled "Bryant" in the amended complaint and
"Brant" in the second amended complaint.